IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | CR. NO.:  3:17CR521 |
| Plaintiff, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | |
| | ) | |
| NICHOLAS EVANOFF, | ) | **GOVERNMENT'S RESPONSE TO** |
| | ) | **DEFENDANT'S POST-HEARING** |
| Defendant. | ) | **SUPPLEMENTAL MEMORANDUM** |
| | ) | **REGARDING MOTION TO SUPPRESS** |

In its post-hearing brief, the defense attacks the search warrant because it relies on statements from the defendant's wife, Rebecca Evanoff, that the defendant had child pornography on his home computer on two separate occasions just a few weeks prior.  (Defense Post-Hrg Brief, Doc. 19, PageID 135).  However, the law is clear that probable cause may be established through hearsay information.  *Jones v. United States*, 362 U.S. 257, 269-70, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).  In addition, probable cause for issuance of a search warrant is sufficient when the affidavit sets out facts and circumstances which indicate "a fair probability that evidence of a crime will be located on the premises of the proposed search." *United States v. Bowling*, 900 F.2d 926, 930 (6th Cir.), *cert. denied*, 498 U.S. 837, 111 S.Ct. 109, 112 L.Ed.2d 79 (1990), quoting *United States v. Algie*, 721 F.2d 1039, 1041 (6th Cir.1983); *see also, Brinegar v. United States*, 338 U.S. 160, 175-176, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949) (where the facts and circumstances based on reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the

belief that an offense has been or is being committed); *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327. Probable cause "deals with probabilities, which are not technical, but are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Brinegar, supra,* at 174-175; *United States v. Nicholson*, 303 F.2d 330, 331–32 (6th Cir.1962). The absence of <u>other</u> facts in the affidavit does not mean that the facts which are stated are <u>not</u> sufficient to constitute probable cause for the search warrant. *Id.* at 332.

In this case, the agents were not dealing with a confidential informant or stranger to the defendant. The information came from his wife, with whom he resided at that time, and it involved child pornography that she had just seen three to four weeks earlier on his computer in their residence. This is sufficient even if she was not a known informant. *Rice v. United States*, 134 F. App'x 839, 841 (6th Cir.2005) (Defendant girlfriend's report that the defendant had recently given her counterfeit money at his residence established sufficient probable cause to search his residence even though she was not a known informant.). Moreover, Rebecca Evanoff's statements and descriptions of the child pornography were not vague or inconsistent such that it should have caused the agents in this case to call her credibility or information into question.

On the contrary, she described the child pornography in excruciating detail, including the age ranges of the children, the "miserable" look on their faces, the fact that one was made to wear an "oversized diaper" and have a "binky" in her mouth, and the fact that both girls appeared malnourished with ratty hair as they exposed their genitals; she even described how "troubling" it was for her to look at them. (Govt Ex. 1, Affidavit to Search Warrant, Doc. 17-2, ¶ 26). She was also specific when describing that some of the files had date stamps going back to 2008 and that the defendant also had "bookmarks," one of which was titled "kittycamgirls.com." (*Id.* at ¶ 28). What she described constituted child pornography, it was on the defendant's computer in the

2

gaming room/office of their residence, and she had just seen it three to four weeks earlier. (*Id.* at ¶ 26). This was sufficient probable cause to believe that the defendant had child pornography in their residence. As the Sixth Circuit noted in *Rice* with respect to the defendant's girlfriend, the first-hand knowledge of the presence of contraband and the recent timeframe "offset her inexperience as an informant." *See Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) ("The strength of one factor may compensate for the inadequacy of another factor").

Yet contrary to claims by the defense, there was, in fact, more than just Rebecca Evanoff's statements in the affidavit to assist the probable cause determination. The language in the first nine and a half pages dismissed as "boilerplate" by the defense actually corroborated Rebecca Evanoff in several respects. The affidavit explained how computers allow for the downloading, storing, and discovery of child pornography images, including on external storage devices like thumb drives, and the fact that child pornographers not only like to collect and maintain digital child pornography files, they often conceal them in random or deceptive file names. (Govt Ex. 1, Affidavit to Search Warrant, Doc. 17-2, ¶ 6-21). This corroborates Rebecca Evanoff when she reported that the defendant had maintained a cache of digital child pornography files in his computer (when he could have just deleted them after each download and viewing), and that he had them in folders with random and deceptive folder names—"new folder" the first time (*id.* at ¶ 26) and "junk folder" (*id.* at ¶ 28) the second time. The affidavit also explains that child pornographers often have external storage devices, which was the case here, as Rebecca Evanoff stated that the defendant had thumb drives at their residence. (*Id.* at ¶ 26-29).[1] The fact that she found child pornography two different times is also consistent with the affidavit's language describing the characteristics of child pornographers because even after getting caught with it, he

---

[1] In fact, the child pornography was later found on a thumb drive in a safe in the house.

felt compelled to get more, which is what she found the second time. The affidavit also explained that child pornographers often collect child erotica as well, as it too fuels their deviant sexual fantasies involving children (*Id.* at ¶ 22-23); and this corroborates Rebecca Evanoff when she said that the defendant also had images of clothed 12-14 year olds with their legs spread and a video of a clothed 14-16 year old, acting provocatively. (*Id.* at ¶ 28). Thus, contrary to claims by the defense, the affidavit did provide other information in addition to the statements by Rebecca Evanoff that corroborated her, explained why child pornography was likely to be found where the search warrant sought to search, and assisted the probable cause determination. (*Id.* at ¶ 22.b-f).

The defense attacks the veracity of Rebecca Evanoff and sufficiency of probable cause based on her admission that she deleted photographs she took of the defendant's child pornography files and the fact that Agent Hunt testified at the hearing that she tipped the defendant off to the federal investigation, despite being told not to, after her interview but before agents could obtain the search warrant. (Defense Post-Hrg Brief, Doc. 19, PageID 139). However, those actions only <u>further</u> corroborate her report that he had child pornography on his computer. She was trying to protect him. By deleting the photographs, she got rid of evidence that could have assisted in the investigation, and by tipping him off, she gave him the opportunity to get rid of the child pornography, just as he had done a few weeks earlier when he destroyed the hard drives after she confronted him.[2] If she really did have an axe to grind with him, she would have done the exact opposite—<u>not</u> deleted the images and <u>not</u> alerted him to the federal investigation. The agents saw her actions for what they were—a wife doing what little she could to protect her husband. Regardless, the Sixth Circuit in *Nicholson, supra,* clarified it well:

---

[2] Fortunately, the agents had alerted the defendant's supervisor such that when he asked if he could leave the police station and go home on sick leave, the supervisor knew to say no and ensure that he did not have the opportunity to destroy evidence at home.

4

> Whether probable cause exists requires an act of judgment formed in light of the particular situation and with account taken of all the circumstances. Because many situations are more or less ambiguous, a determination that probable cause exists should be accepted unless it is shown that the [approving court's] judgment was arbitrarily exercised. *Brinegar, supra,* at 176; *Merritt v. United States*, 249 F.2d 19, 20 (6th Cir.1957).

*Nicholson, supra,* at 332; *see also, United States v. Swihart*, 554 F.2d 264, 267–68 (6th Cir.1977).

There was no evidence that the issuing magistrate acted arbitrarily in approving the search warrant here. He made a probable cause determination in a "realistic and commonsense fashion," as required by *Algie*, *supra,* at 1041, and review must be done similarly, using a "deferential standard." *Bowling*, *supra,* at 930. In light of that standard and given the affidavit in its entirety, the government would submit that there was ample probable cause to justify issuance of the search warrant of the defendant's residence and electronics in this case.

## CONCLUSION

For all of those reasons, the government would respectfully request that the Court overrule the Motion to Suppress.

Respectfully submitted,

JUSTIN E. HERDMAN
UNITED STATES ATTORNEY


By: */s/ Tracey Ballard Tangeman*
Tracey Ballard Tangeman
Reg. No. 0069495
Assistant United States Attorney
Four Seagate, Suite 308
Toledo, Ohio 43604
Phone: (419) 259-6376
Fax: (419) 259-6360
Email: Tracey.Tangeman@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2018 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                               */s/Tracey Ballard Tangeman*
                                               Tracey Ballard Tangeman
                                               Assistant U.S. Attorney